Huey FREEMAN et al., on their own be-
half and on behalf of all others
similarly situated, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE et al., Defendants.

Civ. A. No. 1490–72.

United States District Court,
District of Columbia.

Oct. 27, 1972.

John M. Ferren, Philip C. Larson, Washington, D. C., for plaintiffs.

Harold H. Titus, Jr., Arnold T. Aikens, Michael A. Katz, Washington, D. C., for defendants.

JOHN H. PRATT, District Judge.

Upon consideration of plaintiffs' motion for preliminary injunction, their memorandum of points and authorities and related attachments in support thereof, defendants' memorandum of points and authorities and related exhibits and affidavits in opposition thereto, and oral argument of counsel, the Court enters the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. This is an action instituted pursuant to Rule 23, Federal Rules of Civil Procedure, by representatives of Louisiana sugarcane workers (hereafter "the plaintiffs") against the United States Department of Agriculture and various officials of that Department (hereafter "the defendants") who are responsible for administering the Sugar Act of 1948, 7 U.S.C. §§ 1100 et seq. (1970), as amended, (Supp. I, 1971).

2. Plaintiffs instituted this action to obtain judicial review of the statement of fair and reasonable wage rates for Louisiana sugarcane workers which defendants published on December 28, 1971 (see 36 Fed.Reg. 24983 (Dec. 28, 1971)) (hereafter "the 1971 Louisiana wage determination"). Plaintiffs seek declaratory, injunctive, and monetary relief concerning the interpretation and application of the Sugar Act, the regulations promulgated in implementation thereof (7 C.F.R., Parts 802 and 864, as amended), the Economic Stabiliza-

tion Act, 84 Stat. 799 (1970), as amended, Pub.L. No. 92–210, 85 Stat. 744 (Dec. 22, 1971) and the regulations promulgated in implementation thereof (6 C.F.R., Parts 101 and 201, as amended).

3. The Sugar Act empowers the defendants to make annual subsidy payments to producers of sugarcane in Louisiana and other producing areas. Section 301(c)(1) of the Sugar Act, 7 U.S.C. § 1131(c)(1) (1970), expressly conditions defendants' authority to pay a subsidy upon a producer's payment in full to all workers whom he employed in the planting, cultivation, or harvesting of his sugarcane crop of wage rates not less than the rates which the defendants shall declare to be fair and reasonable pursuant to established statutory and regulatory guidelines.

4. To assist the defendants in determining fair and reasonable wage rates for each producing area, section 301(c)(1) of the Sugar Act directs that defendants consider the four substantive standards formerly employed under the Agricultural Adjustment Act. These standards, as agreed upon by plaintiffs and defendants, are the cost of living, the current prices for sugar and its byproducts, anticipated income from the production of sugarcane, and the cost of production.

5. To assist in the determination of fair and reasonable wage rates and to establish formal procedures to control the formulation and issuance of such determinations defendants have adopted regulations which appear at 7 C.F.R., Part 802. These regulations have existed in virtually unaltered form since 1948 and have not been amended during the period relevant to this action. The regulations require in part that defendants, after appropriate notice, annually convene one or more hearings for the receipt of evidence to assist them in determining fair and reasonable wage rates (7 C.F.R. § 802.2); that all interested persons be given a reasonable opportunity to offer relevant evidence at the hearing (*id.* § 802.5(d)); that defendants (or their delegate) promptly prepare a proposed determination including a statement of the bases and considerations upon which that proposal is based (*id.* § 802.6(a)–(b)); that this proposed determination be submitted to the Secretary of Agriculture immediately for approval and issuance (*id.* § 802.6(b)); and that the Secretary publish the full text of his final determination in the Federal Register (*id.* § 802.6(c)).

6. In administering the Sugar Act during the past twenty-two years defendants generally convened a hearing in Louisiana (pursuant to 7 C.F.R. § 802.2) during June or July of each year for the purpose of receiving evidence to assist them in determining fair and reasonable wage rates for Louisiana sugarcane workers. The resulting wage determinations, with only three immaterial exceptions, have been issued and made effective prior to or concurrently with the beginning of the Louisiana sugarcane harvest, which extends from early October until early January. These determinations have uniformly established fair and reasonable wage rates for labor performed in the harvest of the crop for the year in which the determination is issued and for labor performed in the planting and cultivation of the following year's crop.

7. Representatives of the defendants conducted a hearing in Houma, Louisiana, on July 9, 1971, for the purpose of receiving evidence to assist defendants in preparing the 1971 Louisiana wage determination. Defendants have submitted a copy of the transcript of that hearing as Exhibit A to their Motion to Dismiss.

8. Pursuant to his authority under the Economic Stabilization Act the President of the United States instituted a freeze on all wage increases on August 15, 1971. *See* Executive Order No. 11615, § 1 (originally appearing at 36 Fed.Reg. 15727 (Aug. 17, 1971)). This freeze (Phase I) extended for ninety days until the adoption of a more flexible system of controls (Phase II) on November 14, 1971. *See* 36 Fed.Reg. 21790 (Nov. 13, 1971).

9. On October 5, 1971, the defendants issued a press release (USDA Release No. 3281–71) which indicated that the minimum fair and reasonable wage rates established under the 1970 Louisiana wage determination (see 35 Fed. Reg. 15741 (Oct. 7, 1970)) would remain in effect "until further notice." The release was not published in the Federal Register nor did it purport to state affirmatively that the wage rates established in the 1970 wage determination continued to be fair and reasonable with regard to labor performed during the 1971 harvest.

10. On December 28, 1971, defendants published the 1971 Louisiana wage determination which is the subject of this action (see 36 Fed.Reg. 24983). Although this determination purported to establish new fair and reasonable wage rates for labor performed in the harvest of the 1971 Louisiana sugarcane crop and the planting and cultivation of the 1972 crop, it did not become effective until January 10, 1972. All labor performed in the harvest of the 1971 crop had been completed by the time this 1971 wage determination became effective. Plaintiffs and the workers whom they represent were, accordingly, employed throughout the 1971 harvest season at the wage rates established for the 1970 harvest season under the 1970 Louisiana wage determination (see 35 Fed. Reg. 15741 (Oct. 7, 1970)).

11. In determining the amount of the increases in the fair and reasonable wage rates established under the 1971 Louisiana wage determination, defendants did not limit their consideration to the four substantive standards established under section 301(c)(1) of the Sugar Act (see Findings of Fact, para. 4, *supra*); they apparently relied, in addition, upon the general restriction on salary increases under Phase II of the Economic Stabilization Program to limit the 1971 increases to 5.5% over the rates established in the 1970 wage determination. *See* 36 Fed.Reg. 24983 (Dec. 28, 1971) (the 1971 Louisiana wage determination). Plaintiffs and the work-

ers whom they represent were employed throughout the 1972 planting and cultivation season at wage rates equal to those established by defendants under this 1971 Louisiana wage determination.

## Conclusions of Law

1. The Court has jurisdiction of this action under 5 U.S.C. §§ 702–706 (1970), 7 U.S.C. § 1154 (Supp. I, 1971), 28 U.S.C. § 1337 (1970), and 28 U.S.C. § 1361 (1970). The Court has personal jurisdiction over the parties to the action, and no additional parties need to be joined for the full and fair resolution of this controversy.

2. Under section 301(c)(1) of the Sugar Act, 7 U.S.C. § 1131(c)(1); and the regulations which defendants have adopted to implement that section (7 C.F.R., Part 802), defendants are required to hold an annual wage hearing and to issue an annual wage determination based on the evidence received at that hearing within a reasonable time thereafter. *See* 7 C.F.R. §§ 802.2, 802.6 (1972). Defendants' conduct in interpreting and applying these statutory and regulatory provisions during the past twenty-two years compels the conclusion that this annual determination must be issued or made effective on or about the beginning of the Louisiana sugarcane harvest season (i. e., October 1 of any given year). Defendants' failure to issue the 1971 Louisiana wage determination until December 28, 1971, and their adoption of January 10, 1972, rather than the beginning of the 1971 harvest, as the effective date of the 1971 wage determination are in violation of defendants' obligations under the Sugar Act and the regulations promulgated in implementation thereof.

3. Defendants' issuance of USDA Release No. 3281–71 on October 5, 1971, does not satisfy their obligation to issue and make effective an annual wage determination on or about the beginning of the harvest season. The release was not prepared and published in the manner required by 7 C.F.R. § 802.6.

Moreover, the release fails to contain any statement or indication that the harvest labor wage rates established under the 1970 Louisiana wage determination continued to be fair and reasonable with regard to labor performed during the 1971 harvest.

■ 4. Even if this Court were to conclude that defendants are not required by the Sugar Act and its implementing regulations to issue an annual wage determination which is effective on or about the beginning of the harvest season, defendants' failure to issue the 1971 wage determination until December 28, 1971, and their failure to make that determination effective until after the completion of the entire 1971 harvest season constitute an abuse of defendants' discretion to select both the date of issuance and effective date of the wage determination.

■ 5. In view of defendants' duty to issue an annual determination and to make that determination effective on or about the beginning of the harvest season, defendants were obligated, upon issuance of the 1971 wage determination on December 28, 1971, to apply the harvest labor wage rates established under that determination to all labor performed after October 1, 1971, in the harvest of the 1971 Louisiana sugarcane crop. Application of the 1971 harvest labor wage rates to labor performed during Phase I of the Economic Stabilization Program was permitted under section 201.16 of the Pay Board regulations which prevailed at that time. *See* 36 Fed.Reg. 23219 (Dec. 7, 1971). Moreover, retroactive application of the 1971 harvest wage rates to labor performed during Phase I by plaintiffs and the members of the class they represent could not have been restricted by the Pay Board regulations which prevailed at the time the determination was issued since Congress had specifically exempted plaintiffs and other members of the "working poor" from the restrictions upon wage and salary increases under the Economic Stabilization Act and its implementing regulations. *See* Economic Stabilization Act § 203(d), as amended, Pub.L. No. 92–210, 85 Stat. 744 (Dec. 22, 1971) ; *see also id.* § 203(f)(2)(A).

■■ 6. Defendants' apparent reliance upon the restrictions on wage and salary increases during Phase II to limit the amount of the increases under the 1971 wage determination (for planting and cultivation as well as harvest labor) to 5.5% was unlawful and erroneous for two reasons. First, the four substantive standards established for defendants' consideration under section 301(c)(1) of the Sugar Act (see Findings of Fact, para. 4, *supra*) do not permit defendants to consider the impact of the Economics Stabilization Program in making their initial determination of fair and reasonable wage rates. Defendants are legally obligated under the Sugar Act first to determine what increases are required to maintain fair and reasonable wage rates by consideration of the evidence in light of these four substantive standards. Defendants should then determine whether implementation of those increases is consistent with the regulations issued by the Pay Board during Phase II. Second, the general limitation of wage and salary increases to 5.5% under Phase II did not apply to plaintiffs and the members of the class they represent since they were exempt from any restriction on wage and salary increases under sections 203(d) and 203(f)(2) of the Economic Stabilization Amendments of 1971, Pub.L. No. 92–210, 85 Stat. 744 (Dec. 22, 1971).

■ 7. Issuance of the preliminary relief which plaintiffs seek is required. Plaintiffs have no adequate remedy at law and have satisfied the prerequisites to the issuance of preliminary injunctions under such established authorities as Quaker Action Group v. Hickel, 137 U.S.App.D.C. 176, 421 F.2d 1111 (1969) and Virginia Petroleum Jobbers Ass'n v. FPC 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). There is a substantial like-

lihood that plaintiffs will prevail on the merits. Plaintiffs will suffer irreparable injury unless the preliminary relief which they seek is granted. Issuance of this preliminary relief will promote the public interest as reflected in the legislative history and language of the Sugar Act. Finally, the irreparable injury which plaintiffs would suffer if preliminary relief were denied clearly outweighs any injury which either the defendants or the sugarcane producers might experience if the preliminary relief is granted.

## ORDER

Upon consideration of plaintiffs' Motion for Preliminary Injunction, the memorandum and other documents submitted in support thereof, defendants' memorandum and other documents submitted in opposition thereto, and oral argument of counsel for plaintiffs and defendants concerning the motion, it appearing to this Court that plaintiffs' motion should be granted; it is now therefore

Ordered, adjudged and decreed that plaintiffs' Motion for Preliminary Injunction be, and the same hereby is, granted; and

Ordered, adjudged and decreed that a preliminary injunction be, and the same hereby is, issued:

(a) restraining defendants and their agents, employees, successors in office, and all persons acting in concert with them from making any further subsidy payments under the Sugar Act of 1948 for the 1971 Louisiana sugarcane crop or any future sugarcane crop until final disposition of this cause on the merits; and

(b) ordering defendants and their agents, employees, successors in office, and all persons acting in concert with them to issue, within 30 days from the date of the Court's order, an amended 1971 Louisiana wage determination (establishing fair and reasonable wage rates for Louisiana sugarcane workers) which (i) shall be based solely upon con-

sideration of appropriate factors prescribed by the Sugar Act of 1948 and (ii) shall apply to all labor performed on or after October 1, 1971, in the harvest of the 1971 Louisiana sugarcane crop and the planting and cultivation of the 1972 Louisiana sugarcane crop.