Huey FREEMAN et al., Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF
AGRICULTURE et al., Defendants.**

Civ. A. No. 1490–72.

United States District Court,
District of Columbia.

April 30, 1973.

John M. Ferren, Philip C. Larson, Washington, D. C., for plaintiffs.

Harold H. Titus, Jr., Arnold T. Aikens, Michael A. Katz, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This cause is here on remand from the Court of Appeals for consideration of pending motions concerning the validity of the amended 1971–72 Louisiana wage determination issued November 30, 1972, and plaintiffs' claim for additional back wages over and above those awarded by the amended rate.

 Implicit in this Court's order and opinion of October 27, 1972 is the assumption that the redetermined wage rates required to be issued by that order and opinion would be not less than the original wage rates published December 28, 1971 for the 1971–72 season.* Freeman v. United States Department of Agriculture, 350 F.Supp. 457 (D.D.C.1972). This was because, without any question, defendants considered the limitation of the wage and price stabilization program when determining those original wage rates. For example, the Administrator of the Agricultural Stabilization and Conservation Service explicitly stated that "The recommendation of producers for an increase of 15 cents per hour for the highest skilled workers . . . has not been adopted. A 15 cent increase would exceed the Pay Board guidelines. . . ." 36 Federal Register 24983, 24985 (Dec. 28, 1971); *see also* Letter from then Assistant Secretary Clarence D. Palmby to Mr. Peter H. Schuck dated March 10, 1972 (attached to complaint); defendants' brief in support of motion to dismiss, pp. 17–19, filed August 23, 1972. From these documents, the only reasonable conclusion is that the original 1971 wage rates would have been higher had defendants not erroneously considered the provisions of the Economic Stabilization Act and regulations promulgated pursuant thereto.

---

\* It is significant that the Court of Appeals in its order of February 22, 1973 ordered defendants to withhold payment of 1972 Sugar Act subsidies in an amount sufficient to cover "all back wages to which plaintiffs would be entitled if the 1971– 1972 wage rates published on December 28, 1972 [36 Fed.Reg. 24983 (Dec. 28, 1971)] *were applied to work performed in the period from October 1, 1971 through December 31, 1971.*" (Emphasis supplied)

The exact amount of any increase was to have been the purpose and subject of the amended 1971 wage determination directed by our order of October 27, 1972.

Instead, the amended wage determination published November 30, 1972, reduced wage rates for the bulk of the 1971 harvest season, by continuing to apply the 1970 wage determination until December 31, 1972 and by making the original 1971 wage determination applicable to the 10-day period from January 1 to January 10, 1972. In short, the wage rates and timing of the original 1971 wage determination have been continued in substantial effect despite the order of this Court. We can only conclude that the amended wage determination is a thinly disguised "subterfuge or device" to evade the purpose and intent of the Court's order of October 27, 1972. As required by the accompanying order signed this date, defendants must issue a new wage determination for the 1971 season.

This Court has already held that defendants must make an annual wage determination effective on or about the beginning of the Louisiana sugarcane harvest season. Freeman v. United States Department of Agriculture, 350 F.Supp. 457, 460 (D.D.C.1972).

A logical and necessary corollary of this holding is that defendants, when making a wage determination, must consider only events occurring prior to the start of the harvest season. If the requirement that defendants make an annual wage determination effective at the start of the harvest is to be something more than a technical requirement—a mere formality—then the annual determination must be based on the state of affairs existing at, or prior to, that effective date. Basic due process requires nothing less. Consequently, when making the new wage determination, defendants may not consider events occurring after the start of the 1971 harvest—i. e., October 1, 1971.

We are aware that the annual wage determination is not the product of a formal adjudicatory hearing, and there is nothing in the statute which specifically confines the Secretary to the administrative record developed during the annual public hearing. Sugar Act of 1948, § 301(c)(1), 7 U.S.C. § 1131(c)(1), (1970). However, in view of the defendants' very questionable conduct in the handling of this case, the Court feels compelled, in order to assure the integrity of the administrative process, to limit defendants, when making their new wage determination, to facts adduced at the public hearing held in Houma, Louisiana, on July 9, 1971, and to the considerations set forth in the wage determination of December 28, 1971. Our concern with the good faith of defendants arises, in part, from the significant differences between the "Statement of Bases and Considerations" cited in support of the wage determination issued December 28, 1971, as contrasted with that cited in support of the amended determination of November 30, 1972. See 36 Federal Register 24983 (Dec. 28, 1971); 37 Federal Register 25322 (Nov. 30, 1972). The latter determination discusses several matters which occurred prior to issuance of the former determination—i. e., prior to December 28, 1971—and which must have been known to defendants, but which were not relied upon or even hinted at in the "Statement" supporting the earlier determination. No explanation is given for this shift and the conclusion is inevitable that the latter "Statement" is a hasty rationalization devised to support a position found by the Court to be invalid.

Accordingly, the Court will, not permit defendants to base the new wage determination on evidence not brought forth during the Houma, Louisiana hearing or on considerations other than those previously relied upon in the December 28, 1971 determination, unless such evidence is derived from additional public hearings which the Secretary may choose to hold.

An order consistent with this opinion has been entered this date.

**1308**

## ORDER

Upon consideration of plaintiffs' Motion for Summary Judgment and Certification as Class Action, defendants' Motion for Summary Judgment, the statements of material facts and memoranda of points and authorities submitted by the parties in support of their respective motions, and the memoranda of points and authorities submitted by the parties in opposition to the opposing parties' motion, and of the entire record herein, it appearing to the Court that there is no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law, it is now therefore,

Ordered, that plaintiffs' Motion for Summary Judgment and Certification as Class Action be, and the same hereby is, granted; and it is

Further ordered, that defendants' Motion for Summary Judgment be, and the same hereby is, denied; and it is

Further ordered, that:

A. This action is hereby certified as a class action pursuant to Rule 23(b)(1) and (2) and Rule 23(c)(1) of the Federal Rules of Civil Procedure, the plaintiff class to include all Louisiana sugarcane workers who were employed, on or after October 1, 1971, in harvesting the 1971 Louisiana sugarcane crop or planting, producing, and cultivating the 1972 Louisiana sugarcane crop at wage rates less than the minimum wage rates which defendants may lawfully prescribe for such labor under the amended 1971 Louisiana wage determination described in part C(1) of this Order.

B. The Court hereby declares, pursuant to 28 U.S.C. § 2201, that:

(1) Defendants are required, under the Sugar Act and the regulations promulgated in implementation thereof, to publish and make effective an annual Louisiana wage determination on or before the beginning of the Louisiana sugarcane harvest for that year, which determination shall prescribe minimum wages for labor performed in the harvest of that year's crop and the planting, production, and cultivation of the succeeding year's crop;

(2) Defendants acted in violation of, or in abuse of their discretion under, the Sugar Act and the regulations promulgated in implementation thereof without legal authority in failing to publish and make effective a 1971 Louisiana wage determination on or before the beginning of the 1971 Louisiana sugarcane harvest;

(3) Defendants' determination of fair and reasonable wage rates for Louisiana sugarcane workers pursuant to section 301(c)(1) of the Sugar Act, 7 U.S.C. § 1131(c)(1) (1970), is to be based solely on the following standards: the cost of living; prices of sugar and its byproducts; prior and anticipated income from sugarcane; the cost of producing sugarcane; and the differences in conditions among various producing areas;

(4) Defendants' determination of fair and reasonable wage rates must be based solely on conditions existing at, or prior to, the effective date of the wage determination;

(5) Defendants violated their obligations under the Sugar Act and its implementing regulations and acted without legal authority in (i) considering the restrictions on wage and salary increases established under the Economic Stabilization Act, as amended, and the regulations promulgated in implementation thereof before determining the amount of the minimum wage rates to be prescribed in the 1971 Louisiana wage determination, and (ii) relying upon and applying the restrictions established under the Economic Stabilization Act, as amended, and its implementing regulations to limit the increase in the minimum Louisiana wage rates prescribed in the 1971 Louisiana wage determination;

(6) Defendants acted in violation of, or in abuse of their discretion under, the Sugar Act and its implement-

ing regulations and in violation of this Court's prior order of October 27, 1972 in issuing the amended 1971 Louisiana wage determination published on November 30, 1972, by failing to apply minimum harvest labor wage rates not less than those previously prescribed in the Louisiana wage determination published on December 28, 1971 to all labor performed on or after October 1, 1971 in the harvest of the 1971 Louisiana sugarcane crop;

(7) Defendants acted in violation of, or in abuse of their discretion under, the Sugar Act and its implementing regulations and contrary to the intent of this Court's prior order of October 27, 1972, in issuing the amended 1971 Louisiana wage determination published on November 30, 1972, by considering facts and circumstances occurring after the beginning of the 1971 harvest season.

C. The Court hereby issues a permanent injunction ordering defendants and their agents, employees, successors in office, and all persons acting in concert with them:

(1) To publish, within fifteen (15) days after the date of this Order, an amended 1971 Louisiana wage determination applying fair and reasonable wages rates (i) not less than those previously prescribed for the same labor in the Louisiana wage determination published on December 28, 1971 and (ii) based solely upon the appropriate statutory considerations under the Sugar Act (as defined in parts B(3), B(4), B(7) and C(2) hereof), to all labor performed on or after October 1, 1971 in the harvest of the 1971 Louisiana sugarcane crop or the planting, production, and cultivation of the 1972 Louisiana sugarcane crop;

(2) To base the new wage determination required by Part C(1) hereof solely on facts and circumstances existing at or prior to October 1, 1971, and solely on

evidence brought forth during the public hearing held in Houma, Louisiana on July 9, 1971 and/or on the considerations set forth in the wage determination of December 28, 1971, unless the Secretary in his discretion chooses to hold additional public hearings, in which event the Secretary must give notice of these hearings within ten (10) days of the filing of this Order and must hold such hearings within twenty (20) days thereafter;

(3) To withhold, in accordance with the procedures specified under 7 C.F.R. § 864.29(a), that portion of every Louisiana sugarcane producer's 1971, 1972 or subsequent sugarcane subsidy payments (and any other federal subsidy to which the producer might be entitled) which is equal to:

(i) any additional wages to which plaintiffs are entitled by application of the wage rates prescribed in the original 1971 wage determination published on December 28, 1971, to all labor performed on or after October 1, 1971 in the harvest of the 1971 Louisiana sugarcane crop; and

(ii) such other additional wages to which plaintiffs are entitled (in excess of those withheld under Part C(3)(i) hereof) under the amended 1971 wage determination described in Part C(1) of this Order;

(4) To comply, pending final disposition of any appeals of this action on the merits, with all other obligations to which they are subject under the Order entered herein by the United States Court of Appeals for the District of Columbia Circuit on February 22, 1973.

D. Defendants shall pay to plaintiffs the costs of this action.

E. The Court shall retain jurisdiction of this action for such additional and supplemental relief as may be required.